UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19CR187SNLJ (SPM) |
| ) | |
| TYVON WHITE ) | |
| ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

This case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b). Currently pending before the Court are Defendant Tyvon White's motions to dismiss the indictment (Doc. 32) and for a bill of particulars (Doc. 45).

### FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2019, a federal grand jury returned a single count indictment charging White with being an unlawful user or addict of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). On June 7, 2019, within the deadlines established by the Court's Order Concerning Pretrial Motions, White filed a motion to dismiss the indictment on grounds that it failed to state a cognizable offense. *See* Doc. 32. On June 14, 2019, a federal grand jury returned a superseding indictment that modified language in the original indictment but that otherwise charged White with the same offense. *See* Doc. 35. In its response to White's motion to dismiss the indictment, the United States argued that the superseding indictment rendered White's motion to dismiss moot. *See* Doc. 37.

Counsel for both parties appeared at an arraignment on the superseding indictment on June 25, 2019 and made a record regarding pretrial motions.[1] Specifically, the Assistant United States Attorney indicated that the superseding indictment made no substantive changes to the original indictment and, therefore, the United States did not have any new or additional evidence to disclose to the defense. The Assistant Federal Public Defender who was representing White made an oral motion to adopt the motion to dismiss the indictment previously filed on White's behalf. *See* Doc. 32. Although counsel for both parties indicated at the arraignment that briefing on the motion to dismiss was complete, based on a review of the parties' written submissions, the undersigned entered an order directing White to file a reply indicating whether White agreed that the motion to dismiss had been rendered moot by the superseding indictment. *See* Doc. 40.

On July 2, 2019, in compliance with the Court's order, White filed a notice conceding that the superseding indictment rendered the motion to dismiss moot but noting that, due to the nature of the charged offense, White would be seeking a bill of particulars. *See* Doc. 42. On July 22, 2019, and within the deadlines established by the Court, White filed a motion for bill of particulars. *See* Doc. 45. On July 26, 2019, the United States filed its response to White's motion. *See* Doc. 47.

The pretrial motions filed by the parties have been fully briefed and are ready for a ruling.

## MOTION TO DISMISS THE INDICTMENT (Doc. 32)

The original indictment in this case alleged in relevant part:

on or about January 14, 2019, in the City of St. Louis, within the Eastern District of Missouri, the defendant, TYVON WHITE, ***having been*** an unlawful user of or addict to marijuana, a Schedule I controlled substance, did knowingly and intentionally possess a firearm, which travelled in interstate or foreign commerce either before or during the defendant's possession of the same, in violation of Title 18, United States Code, Section 922(g)(3) and punishable under Title 18, United States Code, section 9244(a)(2).

*See* Doc. 2 (emphasis added).

---

[1] White waived personal appearance at the arraignment pursuant to Fed. R. Crim. P. 10(b).

2

In moving to dismiss the indictment, White argued that §922(g)(3) requires current or ongoing drug use at the time the accused possessed a firearm and, by charging White for "having been" a drug user, the indictment failed to track the statutory language of §922(g)(3) and impermissibly expanded the scope of the statute beyond what Congress intended. *See* Doc. 32, p. 2-3. In response to this argument, the United States contended White's motion to dismiss the indictment was rendered moot when it filed the superseding indictment which corrected the defect articulated in White's motion. White does not disagree that the issue raised in his pretrial motion is now moot. *See* Docs. 42 & 44.[2] As such, I recommend that White's motion to dismiss the indictment be denied as moot.

## MOTION FOR BILL OF PARTICULARS (Doc. 45)

White contends he is entitled to a bill of particulars, including the precise dates of the alleged unlawful use of marijuana the Government plans to put into issue at trial. It is well-settled that:

> [A] bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite.

*United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002). However, "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009); *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).

White asserts he is entitled to a bill of particulars for two reasons. First, White argues that because he is charged with being an unlawful user of marijuana in possession of a firearm, specificity about ***when*** White is alleged to have unlawfully used marijuana is particularly important in this case. As White points

---

[2] Citing *United States v. Turner,* 842 F.3d 602 (8th Cir. 2016), White asserts he is reserving the right to make an as-applied void for vagueness challenge to §922(g)(3) after the United States has presented its case-in-chief at trial. *See* Doc. 44. The undersigned will address the question of the timing of this challenge with the parties at a pretrial motion status hearing.

out, "[C]ourts generally agree [§922(g)(3)] runs the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and regular drug use." *United States v. Turnbull,* 349 F.3d 558, 561 (8th Cir. 2003), *vacated and remanded for further consideration in light of United States v. Booker,* 543 U.S. 220 (2005) *by Turnbull v. United States,* 543 U.S. 1099 (2005). Indeed, the United States need not establish that a person was actively using an unlawful substance at the precise time the person possessed a firearm. *See* Eighth Circuit Model Jury Instruction (Criminal) 6.18.922B (2017). Instead, the United States need prove only that "the unlawful use occurred recently enough to indicate that the individual is actively engaged in such conduct." *See id.* The instruction also suggests that where there is evidence of a pattern of use or possession of a controlled substance that reasonably covers the time the firearm was possessed the jury could draw an inference that the person was a user of the controlled substance. *See id.*

White's second argument is that, whether considered alone or in conjunction with the disclosures made by the United States, the superseding indictment is not sufficiently precise to enable him to prepare for trial. The superseding indictment charges in relevant part:

> on or about January 14, 2019, in the City of St. Louis, within the Eastern District of Missouri, the defendant, TYVON WHITE, *while being an unlawful user of marijuana,* a Schedule I controlled substance, did knowingly and intentionally possess a firearm, which travelled in interstate or foreign commerce either before or during the defendant's possession of the same, in violation of Title 18, United States Code, Section 922(g)(3) and punishable under Title 18, United States Code, section 9244(a)(2).

*See* Doc. 35 (emphasis added).

While the superseding indictment could certainly be construed to mean that the United States intends to prove that White was an unlawful user of marijuana on January 14, 2019, it could also be construed to mean the United States intends to prove that, at some unspecified point in time before January 14, 2019, White was an unlawful user of marijuana. Based on controlling law in this Circuit it appears

4

that White could be convicted under either construction. Because the language in the indictment is susceptible to more than one interpretation, it falls short of being sufficiently precise to enable White to prepare for trial or to avoid or minimize the danger of surprise at trial.

White contends the disclosures made by the United States thus far do not shed much light on the issue of precisely when it is White is alleged to have been an unlawful user of marijuana. According to White, the discovery in this case consists of a police report which reflects only that, at the time of the charged conduct, White *possessed* a sealed container with a vaccum-sealed bag of marijuana inside. Given the variety of ways in which the United States could secure a conviction under 922(g)(3), White is entitled to know before trial whether the January 14, 2019 charge is premised solely on his possession of the sealed container or if the United States intends to present other evidence of alleged drug use or drug possession at other times on or before January 14, 2019.

In resisting White's motion, the United States has neither challenged White's characterization of the disclosures nor attempted to demonstrate that its disclosures provide any more specific information. Instead, the United States suggests that it is planning to file a second superseding indictment and, at that time, it will disclose additional information about a separate event that occurred in February 2018, which is not currently charged in the indictment. *See* Doc. 47. The undersigned takes the United States at its word that it will make disclosures related to the separate but, as yet, unindicted conduct in an anticipated second superseding indictment. However, as the record currently stands, it does not appear that White has been sufficiently apprised of the nature of the offense as it pertains to the January 14, 2019, conduct charged in the superseding indictment. Assuming that conduct continues to be at issue in this case, White is entitled to a bill of particulars in connection with the offense charged.

White asserts that, in order for him to have sufficient information about the nature of the charge to adequately prepare for trial, the United States should be required to: "Identify the precise dates of the alleged

5

unlawful use of marijuana the Government plans to put into issue at trial" and describe "all evidence the Government plans to use to establish the time period of unlawful use of marijuana if not already provided." *See* Doc. 45. White further asserts that, consistent with the Supreme Court's recent decision in *Rehaif v. United States,* No. 17-9560, ___ U.S. ___ (2019), he is entitled to a list and description of evidence the United States plans to "put forth to establish that Mr. White knew he was unlawful user of marijuana while in possession of a firearm." *See id.*

For the reasons previously set out in this order, I agree that, pursuant to Fed. R. Crim. P. 7(f), White is entitled to a bill of particulars that identifies and lists the precise dates of the alleged unlawful use of marijuana the United States plans to put into issue at trial. However, White's request for a bill of particulars listing all *evidence* the United States plans to use at trial to establish the time period of unlawful use of marijuana and all *evidence* the United States plans to use to establish White knew he was unlawful user of marijuana while in possession of a firearm information seems to go beyond the scope and intent of Rule 7(f). *See Livingstone*, 576 F.3d at 883 (holding "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial").

## CONCLUSION

For all of the foregoing reasons, White's motion to dismiss the indictment should be denied, as moot, and White's motion for a bill or particulars should be granted within the parameters established in this order.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Tyvon White's motion to dismiss the indictment (Doc. 32) be **DENIED, as moot**.

6

The parties are advised that they have **fourteen (14)** days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

**IT IS HEREBY ORDERED** that Defendant Tyvon White's motion for a bill of particulars (Doc. 45) is **GRANTED**. The United States is directed to file a bill of particulars that identifies and lists the precise dates of the alleged unlawful use of marijuana the United States plans to put into issue at trial.

**IT IS FURTHER ORDERED** that there will be a Pretrial Motion Status Hearing in the courtroom of the undersigned on **August 12, 2019, at 9:30 a.m.** Counsel should be prepared to discuss what, if any, additional pretrial motions are anticipated and a schedule for the filing of any additional pretrial motions. Dated: August 1, 2019.

SHIRLEY PADMORE MENSAH  
UNITED STATES MAGISTRATE JUDGE